IN THE SUPREME COURT OF NORTH CAROLINA

 2022-NCSC-2

 No. 342A21

 Filed 11 February 2022

 IN THE MATTER OF: A.K.

 Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 18 May

 2021 by Judge Scott Etheridge in District Court, Randolph County. This matter was

 calendared for argument in the Supreme Court on 22 December 2021 but determined

 on the record and briefs without oral argument pursuant to Rule 30(f) of the North

 Carolina Rules of Appellate Procedure.

 Chrystal Kay for petitioner-appellee Randolph County Department of Social
 Services.

 Hill Law, PLLC, by Lindsey Reedy, for appellee Guardian ad Litem.

 Leslie Rawls for respondent-appellant father.

 MORGAN, Justice.

¶1 Respondent-father appeals from the trial court’s order terminating his

 parental rights to “Alice,”1 a minor child born on 13 December 2017. After careful

 review, we conclude that the issues identified by counsel for respondent-father as

 arguably supporting an appeal are meritless and therefore hold that there was no

 error in the trial court’s decision to discontinue reunification efforts, that the evidence

 1 We use a pseudonym to protect the identity of the juvenile and for ease of reading.
 IN RE A.K.

 2022-NCSC-2

 Opinion of the Court

 and resulting findings of fact support the trial court’s determination that grounds

 existed to substantiate the termination of respondent-father’s parental rights to

 Alice, and that there was no abuse of discretion in the trial court’s conclusion that it

 would be in Alice’s best interests for respondent-father’s parental rights to be

 terminated. Accordingly, we affirm the trial court’s order terminating respondent-

 father’s parental rights to Alice.

 I. Factual and Procedural Background

¶2 On 18 December 2017, the Randolph County Department of Social Services

 (DSS) filed a juvenile petition in the District Court, Randolph County, alleging that

 Alice, who was born five days prior to the filing of the petition, was a dependent

 juvenile. Alice’s mother, who was seventeen years of age at the time that the petition

 was filed, was the named respondent; the identity of Alice’s father was unknown at

 the time of the filing. The petition alleged, inter alia, that the mother was not

 providing proper care to Alice in the hospital after the child’s birth and that at the

 time of Alice’s birth, the mother was living with her own father in a home which DSS

 found to be inappropriate for Alice. Accordingly, DSS sought nonsecure custody of

 Alice on the grounds of dependency. The trial court thereupon granted nonsecure

 custody of Alice to DSS.

¶3 Subsequent to the initiation of this case, DNA testing established that

 respondent-father was Alice’s biological father, and he was then joined as a
 IN RE A.K.

 2022-NCSC-2

 Opinion of the Court

 respondent in the action. Respondent-father had been living in Brunswick County,

 but upon learning that he was the biological father of Alice, respondent-father moved

 in with his sister and brother-in-law in Randolph County in order to be closer to Alice.

 Following a March 2018 adjudication hearing, the trial court entered an order in

 which it determined that Alice was a dependent juvenile and directed that Alice

 remain in DSS custody with a case plan of reunification. In June 2018, the mother

 relinquished her parental rights to Alice. Consequently, the mother did not

 participate in any further proceedings regarding Alice at the trial court level, and the

 mother is not a party to this appeal.

¶4 Respondent-father worked on a case plan with DSS regarding Alice, and by

 January 2019, he had “completed most of his services and seem[ed] committed to the

 minor child and meeting her needs.” In an August 2019 order, the trial court

 permitted respondent-father to have one overnight visit per week with Alice. In an

 order entered in October 2019 following an August 2019 hearing, the trial court

 approved a trial home placement of Alice with respondent-father, with DSS retaining

 legal custody of the juvenile.

¶5 Later in October 2019, however, respondent-father was arrested and charged

 with twenty-seven counts of third-degree sexual exploitation of a minor involving

 children spanning the ages of two years to ten years. Upon respondent-father’s arrest,

 Alice was removed from his home and returned to her previous foster home
 IN RE A.K.

 2022-NCSC-2

 Opinion of the Court

 placement. In November 2019, respondent-father was also criminally charged with

 taking indecent liberties with the child, Alice. He was also charged with the criminal

 offense of statutory rape of a child under fifteen years old with a different alleged

 victim. As a result of these charges, sexual abuse by respondent-father upon Alice

 and an injurious environment for her was subsequently substantiated. After a

 permanency planning review hearing in December 2019, the trial court ordered

 reunification efforts to cease. Respondent-father preserved his right to appeal the

 cease reunification order.

¶6 On 16 July 2020, DSS filed a motion to terminate respondent-father’s parental

 rights in which it represented that grounds existed to terminate his parental rights

 on the grounds of abuse, neglect, willfully leaving the child in foster care without

 making reasonable progress, and dependency. Respondent-father filed an

 “Answer/Reply and Motion to Dismiss” on 14 August 2020. The motion to terminate

 respondent-father’s parental rights was heard on 18 February 2021 during the

 Juvenile Session of District Court, Randolph County. Although the trial court

 determined that DSS had not met its burden to establish abuse as a basis for the

 termination of the parental rights of respondent-father, nonetheless the trial court

 determined that DSS had established grounds to terminate his parental rights based

 upon neglect, willfully leaving the child in foster care without making reasonable

 progress, and dependency. The trial court thereafter found that Alice’s best interests
 IN RE A.K.

 2022-NCSC-2

 Opinion of the Court

 would be served by termination of respondent-father’s parental rights. The

 termination order was entered on 18 May 2021. Respondent-father appealed both the

 cease reunification order and the termination order on 16 June 2021.

¶7 On 19 October 2021, appellate counsel for respondent-father filed a brief,

 stating that “[a]fter thoroughly reviewing the court record and the transcripts, the

 undersigned attorney for [respondent-f]ather can find no issues of merit on which to

 base an argument for relief. Therefore, she submits this no-merit brief and asks this

 Honorable Court to independently review the record,” citing In re L.E.M., 372 N.C.

 396, 401–02 (2019).

¶8 Pursuant to N.C. R. App. P. 3.1(e), appellate counsel for respondent-father has

 identified three general issues for this Court’s review which might arguably support

 relief on appeal: (1) whether the trial court erred by ceasing reunification efforts; (2)

 whether the trial court erred by making findings of fact in the termination order that

 were not supported by clear, cogent, and convincing evidence and by concluding as

 law that termination grounds existed; and (3) whether the trial court erred and

 abused its discretion by finding that termination of parental rights was in Alice’s best

 interests. Appellate counsel for respondent-father also sent a copy of counsel’s no-

 merit brief, the record on appeal, and the transcript to respondent-father, along with

 a letter explaining respondent-father’s right to file his own pro se brief and

 instructions on how to do so. Respondent-father has not submitted his own brief or
 IN RE A.K.

 2022-NCSC-2

 Opinion of the Court

 any other filing to the Court, and a reasonable period of time in which he could have

 done so has elapsed.

¶9 The no-merit brief filed in this Court by appellate counsel on behalf of

 respondent-father first analyzes the trial court’s decision to cease reunification

 efforts. A trial court order ceasing reunification efforts is reviewed to determine

 “whether there is competent evidence in the record to support the findings [of fact]

 and whether the findings support the conclusions of law” as well as “whether the trial

 court abused its discretion with respect to disposition.” In re J.H., 373 N.C. 264, 267

 (2020) (alteration in original) (quoting In re L.M.T., 367 N.C. 165, 168 (2013)). After

 the 4 December 2019 permanency planning hearing, the trial court rendered an order

 for DSS to cease reunification efforts with respondent-father. Consequently, Alice’s

 permanent plan was changed to a primary plan of adoption and a secondary plan of

 guardianship. An order ceasing reunification must include “written findings that

 reunification efforts clearly would be unsuccessful or would be inconsistent with the

 juvenile’s health or safety.” N.C.G.S. § 7B-906.2(b) (2021). The trial court’s order need

 not recite the statutory language verbatim as long as the order makes clear that the

 trial court considered the evidence in light of whether reunification would be futile or

 could be inconsistent with the juvenile’s health, safety, and need for a safe,

 permanent home within a reasonable period of time. In re L.E.W., 375 N.C. 124, 129–

 30 (2020). Here, the cease reunification order included findings of fact that “[b]ased
 IN RE A.K.

 2022-NCSC-2

 Opinion of the Court

 on the [respondent-f]ather’s lack of progress and current circumstances, ongoing

 reunification efforts are not likely to lead to successful reunification in the next six

 month[s] and [are] inconsistent with the juvenile’s health, safety and need for a safe,

 permanent home within a reasonable period of time”; that “[f]urther reunification

 efforts with the [respondent-f]ather would be contrary to the minor child’s best

 interests, health, safety, and welfare”; and that “[i]t is contrary to the minor child’s

 health, safety, welfare, and best interests to return to the home, care, or custody of

 any parent today.”

¶ 10 The trial court must also make written findings of fact to show the parent’s

 progress toward reunification regarding whether the parent: (1) is making adequate

 progress within a reasonable period of time under the plan; (2) is actively

 participating in or cooperating with the plan, the department, and the guardian ad

 litem for the juvenile; (3) remains available to the court, the department, and the

 guardian ad litem for the juvenile; and (4) is acting in a manner inconsistent with the

 health or safety of the juvenile. N.C.G.S. § 7B-906.2(d) (2021). Here, the trial court

 made appropriate findings of fact which addressed the statutory considerations. For

 example, while respondent-father’s completion of all of his court-ordered services

 prior to the trial home placement was expressly recognized by the trial court with

 regard to respondent-father’s case plan in its findings of fact, the trial court also made

 findings of fact regarding respondent-father’s subsequent arrest on more than
 IN RE A.K.

 2022-NCSC-2

 Opinion of the Court

 twenty-seven sex offense charges involving juveniles, the discovery of photographs of

 naked children on his cellular phone, and the substantiation of his sexual abuse of

 Alice and his exposure of Alice to an injurious environment. In addition, the trial

 court found that respondent-father was incarcerated with no scheduled trial date and

 with a substantial bond, and that respondent-father lacked an adequate source of

 income to support Alice. The trial court also made multiple findings of fact regarding

 possible relative placements for Alice and problems regarding these potential

 placements which prevented them from being approved as homes for the juvenile. In

 light of such factual findings, we conclude that the trial court’s conclusions of law

 were supported and it did not abuse its discretion by ceasing reunification efforts.

¶ 11 Likewise, we conclude that the evidence and findings of fact support the trial

 court’s conclusion of law that a ground existed to terminate parental rights on the

 basis of dependency.2 See N.C.G.S. § 7B-1111(a)(6) (2021). In a termination of

 parental rights proceeding, dependency is shown, inter alia, when a “parent is

 incapable of providing for the proper care and supervision of the juvenile . . . and that

 there is a reasonable probability that the incapability will continue for the foreseeable

 2 The trial court found that clear, cogent, and convincing evidence supported three

 grounds to terminate respondent-father’s parental rights: (1) neglect, (2) willfully leaving the
 juvenile in foster care for more than twelve months without showing to the satisfaction of the
 court that reasonable progress under the circumstances had been made in correcting the
 conditions that led to her removal, and (3) dependency. The “adjudication of any single
 ground . . . is sufficient to support a termination of parental rights.” In re D.C., 378 N.C. 556,
 2021-NCSC-104, ¶ 13 (quoting In re E.H.P., 372 N.C. 388, 395 (2019)).
 IN RE A.K.

 2022-NCSC-2

 Opinion of the Court

 future . . . and the parent lacks an appropriate alternative child care arrangement.”

 Id. Upon review on the appellate level, we consider “whether the trial court’s findings

 of fact are supported by clear, cogent, and convincing evidence and whether those

 findings support the trial court’s conclusions of law.” In re D.W.P., 373 N.C. 327, 338

 (2020) (quoting In re B.O.A., 372 N.C. 372, 379 (2019)). Unchallenged findings of fact

 are “deemed supported by competent evidence and are binding on appeal.” In re

 T.N.H., 372 N.C. 403, 407 (2019). The trial court’s conclusions of law are reviewed de

 novo. In re C.B.C., 373 N.C. 16, 19 (2019).

¶ 12 As noted above, the trial court made extensive findings of fact indicating the

 following: (1) that respondent-father had been arrested and had remained

 incarcerated on dozens of pending sexual offense charges involving juveniles,

 including Alice; (2) that DSS had substantiated respondent-father’s sexual abuse of

 Alice, as shown by physical and behavioral evidence regarding the juvenile, along

 with testimony from respondent-father’s sister and brother-in-law, among others;

 and (3) that respondent-father’s suggested alternative placements for Alice had all

 been found to be unsuitable for the juvenile. In light of these unchallenged findings

 of fact which were fully supported by the evidence, we affirm the trial court’s

 determination that the ground of dependency existed for the termination of the

 parental rights of respondent-father, in that respondent-father was incapable of

 providing for Alice’s care and well-being, that there was “a reasonable probability
 IN RE A.K.

 2022-NCSC-2

 Opinion of the Court

 that the incapacity would continue for the foreseeable future,” and that respondent-

 father lacked any alternative childcare for the juvenile. N.C.G.S. § 7B-1111(a)(6).

¶ 13 As a final potential basis for relief, appellate counsel for respondent-father

 identifies the trial court’s conclusion that termination of respondent-father’s parental

 rights was in the juvenile’s best interests. We review a trial court’s best interests

 determination for an abuse of discretion. In re A.M., 377 N.C. 220, 2021-NCSC-42,

 ¶ 18. Under such review, a trial court’s decision will remain undisturbed unless we

 determine that it is “manifestly unsupported by reason or is so arbitrary that it could

 not have been the result of a reasoned decision.” In re A.U.D., 373 N.C. 3, 6–7

 (2019) (quoting In re T.L.H., 368 N.C. 101, 107 (2015)).

¶ 14 In determining the child’s best interests, the trial court is required to consider

 and make findings of fact regarding specific statutory factors:

 (1) The age of the juvenile.

 (2) The likelihood of adoption of the juvenile.

 (3) Whether the termination of parental rights will aid in
 the accomplishment of the permanent plan for the juvenile.

 (4) The bond between the juvenile and the parent.

 (5) The quality of the relationship between the juvenile and
 the proposed adoptive parent, guardian, custodian, or other
 permanent placement.

 (6) Any relevant consideration.

 N.C.G.S. § 7B-1110(a) (2021). The trial court made factual findings encompassing
 IN RE A.K.

 2022-NCSC-2

 Opinion of the Court

 each of the statutory factors: (1) that Alice was three years old; (2) that adoption was

 “the most likely plan to achieve [a] safe, permanent home” for Alice, that the foster

 family wanted to adopt her, and that adoption was “very likely”; (3) that termination

 was likely to aid in accomplishing the permanent plan of adoption; (4) that Alice had

 a bond with respondent-father but had not seen him since his arrest; and (5) that

 Alice was significantly bonded with her foster family and her potential sibling in the

 foster family. None of these findings of fact have been challenged by respondent-

 father and each of them is supported by evidence introduced during the trial court

 proceedings. In light of these unchallenged findings of fact which are contained in the

 termination order and are fully supported by the evidence, we perceive no abuse of

 the trial court’s discretion in its decision that termination of respondent-father’s

 parental rights was in the juvenile’s best interests.

¶ 15 After a careful review of the record on appeal and the briefs submitted by the

 parties in this matter, we agree with respondent-father’s appellate counsel that there

 are no meritorious arguments supporting relief for respondent-father. We therefore

 affirm the trial court’s order ceasing reunification efforts and the trial court’s order

 terminating the parental rights of respondent-father to the juvenile Alice.

 AFFIRMED.